LEONCIE DEMENTES, as Administratrix, etc., of SPIROS DEMENTES, Deceased, Respondent, Appellant, *v.* YELLOW TAXI CORPORATION, Appellant, Impleaded with ICE SERVICE Co., INC., Respondent.

Second Department, April 25, 1928.

**Negligence — persons liable — action to recover for death of plaintiff's intestate who was killed when horse-drawn truck, belonging to one defendant, collided with taxicab belonging to other — negligence charged against horse-drawn vehicle is that it failed in making left-hand turn at street intersection to keep to right at intersection, as required by city ordinance — negligence charged against taxicab corporation is undue speed — instructions — court, in effect, charged jury that violation of ordinance by owner of horse-drawn vehicle need not be considered — instruction was erroneous.**

A horse-drawn vehicle, owned by one of the defendants, and a taxicab owned by the other, came into a collision at a street intersection and as a result the taxicab was driven upon the sidewalk, and struck and killed the plaintiff's intestate. The plaintiff contended that the horse-drawn vehicle, in making a left-hand turn from one street into another, violated the ordinance which required the vehicle to keep to the right of an intersection. It is also contended by the plaintiff that the taxicab was proceeding at an excessive rate of speed. If both parties are negligent a recovery may be had against both.

It was error for the court finally to charge the jury that a violation of the ordinance had nothing to do with the case.

APPEAL by the defendant, Yellow Taxi Corporation, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 27th day of April, 1927.

Appeal by the plaintiff from that part of said judgment in favor of defendant Ice Service Co., Inc.

*Lyman A. Spalding* [*Arthur McCausland* with him on the brief], for the appellant Yellow Taxi Corporation.

*Solomon Boneparth* [*Moses Feltenstein* and *Sidney J. Feltenstein* with him on the brief], for the respondent, appellant.

*Benjamin C. Loder* [*H. C. Houlihan* with him on the brief], for the respondent.

HAGARTY, J.  Plaintiff's intestate died as the result of injuries received by him at five-thirty o'clock on the morning of the 23d day of June, 1925, while standing upon the sidewalk at the southeast corner of Tenth avenue and Forty-second street, in the borough of Manhattan, city of New York.  The plaintiff is entitled to recover damages in this action against either or both defendants.  A horse-drawn truck, owned by the defendant Ice Service Co., Inc., collided with a taxicab owned by the defendant Yellow Taxi Corporation,

·the result of which collision was that the taxicab was driven upon the sidewalk and struck down the plaintiff's intestate. The ice company's vehicle was making a left turn to the south on Tenth avenue, while the taxicab was crossing Tenth avenue, traveling in an easterly direction. The charge of negligence against the defendant Yellow Taxi Corporation is that its taxicab was being driven at a rapid rate of speed. Concededly, it was in its proper path. The charge of negligence against the defendant Ice Service Co., Inc., is that it violated the ordinance requiring vehicles making a left-hand turn to turn to the right of the center of the intersecting streets. (See Code of Ordinances of City of New York, chap. 24, § 11, subd. 6.)

The jury found against the defendant Yellow Taxi Corporation and for the defendant Ice Service Co., Inc. While this verdict is supported by the evidence, we are of the opinion that the judgment must be reversed because of errors in the charge of the learned trial court. The jury might well have found upon the evidence that either or both defendants were liable. If, under a proper charge, therefore, the jury had found that the accident occurred at the street intersection, and that the rate of speed at which the taxicab was then traveling was in violation of the Code of Ordinances (Chap. 24, § 17, subd. 2) and was the sole cause of the accident, the verdict would not be disturbed; but the defendant Ice Service Co., Inc., was all but exonerated from liability by the learned trial court. If the jury had found that the defendant Ice Service Co., Inc., violated the ordinance by driving its truck from the northeast corner, making the turn to the east of the center of the street, and failed to give the taxicab, approaching from its right, the right of way, as is also required by the Code of Ordinances (Chap. 24, § 15, subd. 1), and that that was the sole cause of the accident, the verdict should have been against the ice company and in favor of the taxi company. On the other hand, if both were guilty of negligence, the verdict should have been against both. But the liability of both, and of each separately, was not properly explained to the jury. With reference to the duty of the driver of the ice truck, the learned trial court charged: " The law is that when a vehicle turns to the left at an intersecting point, it must go to and beyond the intersecting point before turning. *That law is more frequently avoided than observed.* Ordinarily when a man violates a traffic law, it is *prima facie* evidence of negligent handling of his vehicle, *but there are other circumstances, such as the hour of the night, the number of vehicles on the streets, and a hundred and one other things, that enter into it.* But the great, important question is whether the violation of the law was one of the causes

that contributed to the accident. If it was not a cause, if it had no causal relation to the accident, it does not mean anything in this particular case. If a violation of the law bears upon and has to do with the case, as a cause of the accident, then it becomes, of itself, *prima facie* evidence of negligence." An exception was duly taken, whereupon the court observed: " You may ignore that, gentlemen. *We are not concerned with whether it is violated or not. It does not mean anything in this case.*" To the last remark an exception was noted. The modification of the law by the court, " such as the hour of the night, the number of vehicles on the streets, and a hundred and one other things, that enter into it," followed by the statement, " We are not concerned with whether it is violated or not. It does not mean anything in this case," was tantamount to a charge that, under those conditions, violation of the law was not negligence upon the part of the Ice Service Co., Inc. This was further accentuated by the learned court when, asked by counsel for the defendant Ice Service Co., Inc., to charge " that mere violation of an ordinance is not, in and of itself, necessarily negligence," he charged, " Oh, yes. It is an evidence of negligence, *but the mere fact that it is an evidence of negligence means nothing in this case.*" The court defined the liability of the ice company in these words: " If the ice-wagon driver violated the ordinance by turning to his left before he had reached or gone beyond the intersection of the centers of the streets, as the ordinance requires, and if his doing so was one of the causes that contributed to this accident — in other words, was a proximate cause, the nearest, the most direct cause of it,— then, of course, the *prima facie* cause was his negligence, because he violated the law; but if he violated the ordinance and his violation of it had nothing to do with the accident, but the negligence was solely that of the Yellow taxi, then the violation of the ordinance has nothing to do with the case." By this charge a wrong impression was left with the jury. The defendant Ice Service Co., Inc., was liable, not if the negligence of its driver was the " nearest, the most direct cause of it," but if he was guilty of negligence in any degree contributing to the accident.

We think that these errors are substantial. Possibly they might be disregarded, if there was no substantial evidence of liability upon the part of the ice company. The fact is that the violation of the ordinance by the driver of the wagon was admitted by him in the Magistrate's Court immediately after the accident, although denied upon the trial of this action. It was the right of the defendant Yellow Taxi Corporation to have the jury correctly charged as to the liability of its codefendant upon the record in this case.

We are of the opinion that the judgment should be reversed as against both defendants and a new trial granted, in the interest of substantial justice.

On appeal by the Yellow Taxi Corporation from the judgment in favor of plaintiff, the judgment should be reversed upon the law and the facts, and a new trial granted, with costs to appellant to abide the event; and on appeal by plaintiff from that part of the judgment in favor of the defendant Ice Service Co., Inc., judgment should be reversed upon the law and the facts, and a new trial granted, with costs to appellant to abide the event.

LAZANSKY, P. J., RICH, SEEGER and CARSWELL, JJ., concur.

On appeal by Yellow Taxi Corporation from judgment in favor of plaintiff, judgment reversed upon the law and the facts, and new trial granted, with costs to appellant to abide the event; and on appeal by plaintiff from that part of judgment in favor of defendant Ice Service Co., Inc., judgment reversed upon the law and the facts, and new trial granted, with costs to appellant to abide the event.